

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2002

# USA v. Pizarro

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Pizarro" (2002). *2002 Decisions*. Paper 673.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/673

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 01-2762

———————————

UNITED STATES OF AMERICA

v.

JORGE LUIS PIZARRO, JR.

Jorge Pizarro,
    Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00541-1)
District Judge: Honorable Bruce W. Kauffman

———————————

Submitted Under Third Circuit LAR 34.1(a)
on July 30, 2002

Before: BECKER, Chief Judge, ROTH
and RENDELL, Circuit Judges

(Opinion filed: October 28, 2002)

———————————

ROTH, <u>Circuit Judge</u>:

Appellant Jorge Luis Pizarro, Jr. appeals his sentence of 180 months imprisonment, five years supervised release, restitution of $16,346.46 and a $400 special assessment. He pled guilty to armed bank robbery and brandishing a firearm during and in relation to a crime of violence. Pizarro faced a minimum sentence of 32 years, but the government filed a motion for a downward departure based on Pizarro's cooperation with authorities leading to the identification, apprehension, and conviction of co-defendant Rindy Lee Martin. The district court granted the motion for downward departure. Pizarro now argues that the district court did not give proper consideration to the five enumerated factors in U.S.S.G. § 5K1.1 as it should have done under our recent decision in *United States v. Torres*, 251 F.3d 138 (3d Cir.), cert. denied, 122 S.Ct. 307 (2001).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We exercise plenary review over mistake of law or incorrect application of sentencing guidelines. *United States v. Spiropoulos*, 976 F.2d 155 160 n.2 (3d Cir. 1992).

The five factors set out in § 5K1.1 for the court to consider in determining the extent of a departure are

> (1) the court's evaluation of the significance and usefulness of the
>
> defendant's assistance, taking into consideration the government's evaluation

2

of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

In *Torres*, we held that, "a sentencing court *would be best served* by carefully reciting on the record the factors it evaluated in arriving at its § 5K1.1 departure decision, and the manner in which it weighed those factors." *Id.* at 149 (emphasis added).

We find that, although the District Court did not specifically recite the five factors, it gave sufficient consideration to them. This consideration is evident from the information presented to the court by both parties at the sentencing hearing and the court's response that it gave "a great deal of thought to everything that has been said, everything that has been written." Moreover, the court noted that it had compared Pizarro's cooperation with the seriousness of the offenses and his demeanor and remorse in court. We conclude that the District Court did give sufficient consideration to the § 5K1.1 factors in determining the downward departure and in commenting on its reasons for doing so.

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

3

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                                    By the Court,

                                    /s/ Jane R. Roth
                                      Circuit Judge